Youssef H. Hammoud (SBN: 321934)
**THE CREDIT ATTORNEY, INC.**
601 N Parkcenter Drive, Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorneys for Plaintiff,*
*Katie McColm*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE MCCOLM<br><br>Plaintiff,<br><br>v.<br><br>FROST-ARNETT COMPANY<br><br>Defendant. | Case No. 5:25-cv-1327<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*<br>2. RFDCPA, Cal. Civ. Code. § 1788 *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Katie McColm ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Frost-Arnett Company, ("Frost-Arnett").

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint are based upon the FDCPA and RFDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692

3. Because Defendants conduct business within the State of California, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a natural person residing in Temecula, California.

8. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

9. As a partnership, corporation, limited liability company, or other similar entity, Defendant is a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

10. Defendant alleges Plaintiff owed it money arising out of medical services performed upon Plaintiff by Defendant for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendant originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff allegedly owed a monetary debt to Defendant, which makes Defendant a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

12. Upon information and belief, Defendant is attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries

arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

14. Plaintiff is informed and believes Defendant regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

15. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

16. At all relevant times herein, Defendant was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served at through its agent for service of process, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr., Sacramento, CA 95833.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. On or about December 26, 2023, Plaintiff was injured in a work-related accident which has required on-going medical treatment/services.

19. Plaintiff's employer accepted liability for the injuries she suffered at work and therefore, any and all amounts due from the medical treatment and/or services rendered in relation to her work-place injury is not Plaintiff's legal responsibility.

20. Plaintiff's workplace injuries have necessitated ongoing medical treatment/services.

21. On or about January 8, 2024, Plaintiff went to Pacific Grove Hospital ("PGH") where she received medical services/treatment related to her workplace injury.

22. In or around February 2024, Plaintiff began receiving medical bills/statements from PGH for the medical treatment/services related to her workplace injury.

23. In response to the medical bills/statements, Plaintiff contacted PGH and informed it that the bills were related to her workers compensation claim and she provided all of the relevant and necessary billing information, including the workers compensation insurance carrier name, claim number and other information.

24. As such, non-party PGH knew or should have known that Plaintiff was seeking medical services/treatment related to her workplace accident.

25. At all times, non-party PGH was aware that Plaintiff was seeking medical services/treatment related to her workplace accident.

26. Upon information and belief, non-party PGH uses third-party debt collector Defendant Frost-Arnett to engage in debt collection for its patients.

27. Upon information and belief, PGH used Defendant Frost-Arnett to send Plaintiff collection communications related to the medical treatment/services rendered to her for her workplace injury.

28. In or around early March 2025, Plaintiff began receiving collection text messages from Defendant Frost-Arnett.

29. The collection text messages provided a phone number for Plaintiff to call or a link for Plaintiff to click.

30. The collection text message did not provide Plaintiff with any information related to the alleged debt that Defendant was attempting to collect.

31. When Plaintiff clicked the link, the link does not provide the Plaintiff with the disclosures required under 15 U.S.C. § 1692g.

32. The collection text messages do not identify Defendant's California debt collector license number.

33. On or about March 7, 2025 Plaintiff received a letter from Defendant Frost-Arnett attempting to collect an amount of $213.91, which Plaintiff is not responsible for.

34. Defendant Frost-Arnett is attempting to collect an alleged debt from Plaintiff related to her workplace injury.

35. Despite knowing that Plaintiff's injury was a workplace accident subject to workers compensation, Defendant Frost-Arnett began attempting to collect from Plaintiff directly and sent Plaintiff bill(s) attempting to collect on an alleged debt she was not legally responsible for.

36. As such, Defendant Frost-Arnett, in the ordinary course of business, regularly on behalf of others, engages in debt collection.

37. Despite knowing that Plaintiff's injury was a workplace accident subject to workers compensation, Defendant Frost-Arnett attempted to collect from Plaintiff directly and sent Plaintiff bill(s) and collection letter(s) attempting to collect on an alleged debt she is not legally responsible for.

38. Having been advised by Plaintiff and/or the medical staff at the time of treatment, Defendant possessed specific information regarding Plaintiff's injury, including the fact that it was a work-related injury; a critical fact which Defendant knew or should have known.

COMPLAINT AND DEMAND FOR JURY TRIAL

39. Defendant Frost-Arnett engaged in debt collection by sending Plaintiff repeated medical bills/statements related to the medical treatment/services rendered to her for her workplace injury.

40. Due to Defendant Frost-Arnett's abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

41. Plaintiff was under the belief that all medical treatment/services she received that were related to her workplace injury were not her responsibility and would be paid for by her employer, which is what the law mandates.

42. Plaintiff understood from her workers compensation attorney that she was not responsible for the medical service related to her workplace injury, but the repeated bills/statements caused her to doubt her attorney.

43. Defendant Frost-Arnett had in its possession all information necessary to properly handle the correct billing for the treatment, and despite this, Defendant Frost-Arnett sent Plaintiff multiple bills/statements and collection letters in an attempt to collect on a debt(s) Plaintiff is not legally responsible for.

44. The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

45. The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.,* No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

46. Defendant Frost-Arnett attempted to collect a debt regarding Plaintiff's medical treatment/services stemming from a work-related injury covered by workers' compensation.

47. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

48. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

49. Plaintiff has the interest and right to be free from the fear of being placed in collections on debts Plaintiff does not owe.

50. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant Frost-Arnett.

51. Defendant Frost-Arnett deprived Plaintiff of these rights.

52. The alleged debt(s) Defendant Frost Arnett is attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements and/or collection letters contain false, deceptive, and misleading representations.

53. Defendant Frost-Arnett engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

54. Defendant Frost-Arnett's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

55. Plaintiff justifiably fears that, absent this Court's intervention Defendant Frost-Arnett will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debts and other alleged debts.

56. Plaintiff justifiably fears that, absent this Court's intervention, Defendant Frost-Arnett will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

57. Plaintiff justifiably fears that, absent this Court's intervention, Defendant Frost-Arnett will ultimately cause Plaintiff to be sued for debts Plaintiff does not owe.

58. As a result of Defendant Frost-Arnett's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including

reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

59. As a result of Defendant Frost-Arnett's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

60. The deprivation of Plaintiff's rights will be redressed by favorable decision herein.

61. As a result of Plaintiff's workplace injury, she has a physical impairment that substantially limits one or more major life activities, including, but not limited to, caring for himself, performing manual tasks, walking, and working.

## COUNT I
**Defendant CMRE**
**(Violations of RFDCPA, Cal. Civ. Code § 1788 *et seq*.)**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendant violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

a. Defendant violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

b. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d. Defendant violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

f. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

64. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

65. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### Defendant Frost-Arnett
### (Violations of FDCPA, 15 U.S.C. § 1692 *et seq*.)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendant Frost-Arnett violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

   b. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

   c. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

   d. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

f. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

68. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

69. As a result of the foregoing violations of the FDCPA, Defendant Frost-Arnett is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Katie McColm, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the FDCPA;

B. Statutory damages against Defendant of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C. Actual damages against Defendant pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

- 14 -
COMPLAINT AND DEMAND FOR JURY TRIAL

D. Costs and reasonable attorneys' fees against Defendant pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

E. Declaratory judgment that Defendant violated the RFDCPA;

F. Statutory damages against Defendant of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

G. Actual damages against Defendant pursuant to Cal. Civ. Code §1788.30(a);

H. Costs and reasonable attorneys' fees against Defendant pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

I. Treble damages pursuant to Cal. Civ. Code § 3345;

J. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

K. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

///

///

///

///

///

Respectfully submitted this 29th day of May 2025.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**THE CREDIT ATTORNEY, INC.**
601 N Parkcenter Drive, Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorneys for Plaintiff,*
*Katie McColm*